**SO ORDERED: July 31, 2006.**

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HMEZZ, LLC ) | CASE NO. 06-3526-AJM-11 |
| ) | |
| Debtor ) | |

**ORDER DISMISSING CASE**

The Debtor, Hmezz, LLC filed its voluntary petition for relief under chapter 11 in this district on June 29, 2006. This matter came for hearing before the Court on July 31, 2006 upon several matters, one of which was the motion to dismiss this chapter 11 case. That motion was filed by the primary lender of the Debtor (the Lender"). [1]

In late June, 2005, a receiver had been appointed to operate the Debtors' four health care facilities located in St. Louis, Missouri. On March 20, 2006, nearly nine

---

[1] The Lender's full name is: LaSalle Bank National Association, as Trustee for the benefit of Holders of Deustche Mortgage and Asset Receiving Corporation Commercial Mortgage Pass-Through Certificates, Series 1999COMM -1.

1

months after the receiver had been appointed, the Debtor filed a chapter 11 case in the United States Bankruptcy Court for the Middle District of North Carolina.  The Lender moved to dismiss that chapter 11 case, as it has done here.  The case was ultimately dismissed and in the May 9, 2006 order dismissing the case, the North Carolina Bankruptcy Court, in part, found that (1) it had jurisdiction over that chapter 11 case and that the matters raised in the Lender's motion were core proceedings; (2) the bankruptcy court was not the proper forum in which to adjudicate non bankruptcy issues; and (3) the majority of creditors and the Debtor were better served by dismissal.  That May 9, 2006 order dismissing the case was appealed and that appeal continues to pend.  According to the statements made by Debtor's counsel in the July 31st hearing held in this Court, the Debtor did not request a stay pending appeal from either the North Carolina Bankruptcy Court or the District Court.  The Debtor filed its chapter 11 case here about a month and a half after the North Carolina bankruptcy had been dismissed.

The Court finds that the Lender's motion should be granted and that this chapter 11 case should be dismissed.  The Debtor is making no new legal arguments as to why it is entitled to chapter 11 relief.  The Debtor argues that the facts here are different than that which existed for the first chapter 11 case in that the Lender has sued to foreclose its interest in the Debtor's assets.  However, foreclosure is merely a logical step taken by a lender with respect to a defaulting borrower whose chapter 11 case has been dismissed.  What the Debtor essentially seeks is a review of the North Carolina Court's May 5, 2006 order.  Refiling a second case as a remedy to "right" a perceived "wrong" committed in the first case is improper:

2

It is a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to refile a second case....Refiling the second case rather than taking an appeal in the first case circumvents the appeal process.

*Matter of Schuldt*, 1991 WL 119156 at *2 (Bankr. N. D. Ind.).  Here, the Debtor has elected its remedy and has appealed the May 9, 2006 order and any relief from that order will come from the District Court for the Middle District of North Carolina, not this bankruptcy court.  Accordingly, the Lender's motion is GRANTED and this chapter 11 case is DISMISSED.

# # #

Distribution:

Counsel for Debtors
Counsel for Lender, LaSalle Bank, N.A.
Counsel for the Receiver, Stephen Rosedale
All Counsel of Record
Charles Wharton, Office of the United States Trustee